The opinion of the court was delivered by
Duncan, J.
The court stopped the counsel of the defendants in error from arguing the first, second, and fourth specifications of error, so that the case is narrowed to one point: that is, the effect of final security for the judgment, and obtaining the stay of execution, under the provisions of the act of the 21st of March, 1806, 4 Smith, 329, as a discharge of the special bail.
This is a question, I think, for the first time made in our courts. •I cannot find any decision bearing directly on it in our own reports, and this indulgence is in some degree peculiar to our own statute law. The Virginian replevy law has some resemblance to it: that is, an obligation to deliver the goods levied on execution to the sheriff at a certain time appointed for the sale; and the effect of this is, that it is as complete an execution of the judgment, as if the estate had been sold to the full amount of the debt, and the party is left to his new remedy on the bond; and though it is an indulgence given to the defendant, still the execution is considered as satisfied, and the judgment discharged. Taylor v. Dundass, 1 Wash. 92. What is the nature of this special bail ? How does the principal stand in relation to him? The principal remains, in the contemplation of the law, always in the power of the bail; his body is in his custody, he has him on a string and may pull him in. But if the plaintiff in the action even takes a cognovit for payment by in-stalments, if any instalment is postponed to a later day, than the time in which with diligence he could have obtained a judgment and execution, this discharges the special bail. So certificate of bankruptcy, before the time allowed ex gratia to make the surren *27 der, is out; so, if ordered out of the country, a special bail bond would be cancelled; so if he becomes a member of parliament, or is banished or transported for crimes; and the reason of this is, because the bail only engaged for the principal in the then situátion of the parties. But if by change of circumstances it has become impossible to surrender him, it would be nugatory, as the court would immediately order an exoneration of the bail. Thus, where a defendant was sent abroad by the government in their service, and there detained, so that he could not be rendered, this was held sufficient to discharge the bail, 1 Sellon’s Pr. 173. Now, apply this reasonable principle to the present case, the special bail, by the action and operation of law, cannot render his principal. The string is cut. The law indulges the defendant after a judgment, relieves him from all molestation on account of the judgment, on a prescribed condition, — final, absolute security. Neither his body nor estate can be touched during thatjubilee, the period of suspension. If it was in the power of the bail to surrender him, then after complying with the prescribed condition, and obtaining the indulgence, the bail might coerce him, within the time, by imprisonment, to pay the debt. This never could be the intention of the legislature: their intention was, that if a defendant could give security for the amount of debt and costs, within a given time, depending on its amount, his body should be exempt from restraint, and his estate from execution. If the bail’s lien on the body is taken away by the action of law, his obligation to surrender or pay the condemnation money is gone. The plaintiff cannot complain of this; for his security is bettered. The judgment remains in full force unimpaired, and, instead of special bdil, he has absolute security; instead of a security for the surrender of the body or payment of the condemnation money, he has security final, unconditional for payment. It is not a greater latitude than the indulgence given, ex gratia by the court, to surrender the principal on the return of scire facias, where the bail is fixed, by the rigour of the law, on the return of non est in-ventus.
If the final security is not approved of by the plaintiff, he may call on him to justify: if he does not, the execution goes on. There is an inconsistency in the bail to the action and the final security after judgment, both being continuing recognizances. If the special bail surrender him, while the body is incarcerated there could be no proceeding against the final security for the debt, and certainly none until the expiration of the stay. There is one provision which clearly evinces the intention of the legislature: if the defendant is not a freeholder, “ execution may issue immediately, unless he shall enter security in the nature of special bail; in which case there shall be á stay of execution for thirty days; and if at, or before the expiration of that term, the defendant shall give security for the amoun.t of debt, he shall be entitled to the same stay as if a freeholder. ” In this case, the special bail would be dis *28 charged: if the security was given, the purpose was answered by the final security, and the special bail discharged. The special bail is only security, in that case, for the forthcoming of the defendant’s person, while he is seeking security for debt and costs. They are not cumulative securities.
Could the final security demand contribution against the special bail, or the special bail, against the final security ? There is an incongruity, in bail absolute for payment of the debt, and bail conditional, for the surrender of the body or payment of the debt.
If the plaintiff proceeded by ca. sa. against the principal, and by scire facias against the bail, and the bail surrendered, it is worthy of consideration whether this would not be a satisfaction. My own opinion is, that by the final security after judgment, the special bail is discharged, ipso facto, as much as if he surrendered the principal. Nor can I agree with the learned judge, that the entry of security for the debt, after the stay expired, was a nullity. It is true, the plaintiff might have so treated it, but he did not; he accepted of the stipulation, acted upon it, and sued out the recognizance. This proceeding would lull the security asleep; he would repose under the belief that the plaintiff had obtained security. The plaintiff could wave the time of entering the recognizance; by his suit he has waved it. It is a more powerful evidence of waver, than taking a rule on a defendant who has appealed without bail, or who has not entered his appeal in time, The bail would be thrown off his guard; the bail might omit to surrender him, because the creditor was proceeding in another way. Livingston v. Bartles, 4 Johns. 480.
The final security, and the indulgence given by the law in consequence of that final security, discharged the principal from the custody of his bail. This suspension of the power of the bail to relieve himself by rendering the principal, discharged him from his recognizance.
Tilghman, C. J., having been absent during the argument, gave no opinion.
J udgment reversed, and a venire facias de novo awarded.